[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12599
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00074-CEM-LRH-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRENDA WILLOUGHBY,
a.k.a. Ceci,
a.k.a. Carol Willoughby,
a.k.a. Carol Morgan,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2020)

Before BRANCH, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Following her guilty plea, Brenda Willoughby appeals the substantive reasonableness of her above-guideline 113-month sentence for access-device fraud and theft of government property. She argues that her sentence is substantively unreasonable. For the following reasons, we affirm.

## I. Background

From 2004 to 2009, Willoughby defrauded the Social Security Administration ("SSA") by making materially false and misleading statements in order to receive SSA benefits. Also, from 2006 to 2007, Willoughby held herself out as a travel agent while stealing her clients' identities and credit card information. In May 2009, a federal grand jury indicted Willoughby on 12 counts of criminal conduct in connection with these actions, including one count of access device fraud,[1] one count of mail fraud,[2] one count of theft of government property,[3] one count of fraud against the Social Security Administration,[4] five

---

[1] 18 U.S.C. § 1029(a)(5), (c)(1)(A)(ii); *id.* § 2.

[2] 18 U.S.C. § 1341; *id.* § 2.

[3] 18 U.S.C. § 641.

[4] 42 U.S.C. § 1383a(a)(3).

2

counts of falsely representing a social security number,[5] and two counts of false bankruptcy declarations.[6]  Willoughby then fled from Florida to Tennessee, deliberately and successfully evading law enforcement for over nine years.  Upon her arrest, she admitted that she had continued to engage in fraud during her time in Tennessee.  In March 2019, Willoughby pleaded guilty to the counts of access-device fraud and theft of government property pursuant to a written plea agreement, and the other charges were dropped.

At sentencing, the district court varied upward from the guideline range of 63 to 78 months and sentenced Willoughby to 113 months and 17 days.  The court noted that it had considered the Guidelines, the § 3553(a) factors, and the numerous mitigating factors presented by Willoughby's attorney, such as her poor health and tumultuous upbringing.  The court nevertheless varied upward on account of Willoughby's extensive criminal history, the seriousness of and the number of persons victimized by her fraud crimes, and the time Willoughby evaded law enforcement.  The court also noted that her sentence is "exactly the amount of time [she] absconded."  Willoughby timely appealed.[7]

---

[5] 42 U.S.C. § 408(a)(7)(B).

[6] 18 U.S.C. § 152(3).

[7] We note that Willoughby's plea agreement contains an appeal waiver which does not bar this appeal.  The appeal waiver excepts from its general prohibition appeals on "the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the

## II. Standard of Review & Applicable Law

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard, requiring the party challenging the sentence to prove that the sentence is unreasonable. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254–56 (11th Cir. 2015). We evaluate the substantive reasonableness of a sentence by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in 18 U.S.C. § 3553(a).[8] *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

The sentencing court has discretion to accord particular weight to any specific § 3553(a) factor. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court abuses its discretion by (1) failing to consider relevant factors that were due significant weight; (2) giving an improper or irrelevant factor significant weight; or (3) committing a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). "A district court's unjustified reliance on any single § 3553(a) factor *may*

Court." Because Willoughby appeals the substantive reasonableness of the district court's above-guideline sentence, Willoughby's appeal is proper.

[8] "The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims." *United States v. Trailer*, 827 F.3d 933, 936 n.2 (citing 18 U.S.C. § 3553(a)).

be a 'symptom' of an unreasonable sentence," but does not indicate that the sentence is "necessarily unreasonable." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (emphasis added) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).  Rather, a district court is "permitted to attach great weight to one factor over others." *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quoting *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009)).  We consider the fact that a sentence has been imposed well below the statutory maximum penalty as an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  We will not vacate a sentence unless we possess a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quoting *Pugh*, 515 F.3d at 1191).

## III. Discussion

Willoughby fails to demonstrate that her 113-month, 17-day sentence is substantively unreasonable under the circumstances.  Willoughby contends that the district court (1) relied on an arbitrary "formula" by sentencing her based on the length of time that she absconded; (2) unreasonably relied on abscondence to the exclusion of all other § 3553(a) factors; and (3) gave inadequate consideration to

the guidelines range, especially the fact that the obstruction-of-justice enhancement had already accounted for her abscondence.  After a careful review of the proceedings below, we affirm her sentence.

First, the district court did not rely on an arbitrary formula.  At the sentencing hearing, after making findings on the applicable guideline range and hearing arguments from the government and Willoughby's attorney, the district court discussed at length its sentencing rationale.  The district court noted the significance of Willoughby's extensive criminal history,[9] the fact that she had absconded, the fact that she had continued in fraudulent behavior while she was absconding, the severity of the crime, the impact on her victims, her lack of remorse, her likelihood of recidivism, and all of the § 3553(a) factors.  The district court also considered her age, health, and traumatic upbringing as mitigating factors, but stated that the court was "not as sympathetic to [her] plight" as her attorney, the government, or the probation office.  In light of the district court's consideration of all of these factors, its pronouncement of a sentence whose length was "exactly the amount of time [Willoughby] absconded" cannot be said to be arbitrary.  To be sure, this statement demonstrates that the district court accorded

---

[9] The district court stated: "I don't say this very often, but I don't remember ever seeing a worse criminal history than this one.  From the age of 32 to 57 she was arrested 77 times, producing 39 criminal convictions, every single one the same thing, fraudulent behavior, theft, writing bad checks, organized scheme to defraud, grand theft, over and over and over again.  She has 19 different aliases on this presentence investigation report."

particular weight to the duration Willoughby absconded.  But in light of the district court's full consideration of all relevant factors, Willoughby cannot show that the district court abused its discretion in doing so.  *See Overstreet*, 713 F.3d at 634, 638–39 (rejecting a reasonableness challenge to a 420-month sentence for possessing a firearm as a felon where the district court gave particular weight to evidence showing the defendant had committed murder).  This is especially true here, where the district court noted that she had continued engaging in fraudulent behavior during the time she was absconding.

Second, the district court did not use the length of her abscondence "to the exclusion of all other statutory factors" as the "measure of her culpability." Willoughby asserts that, "pursuant to the district court's formula, had Ms. Willoughby absconded to Tennessee for 4.5 years instead of 9 years, a sentence of 56 months instead of 113 months would have been imposed."  This logic commits a causal fallacy by assuming that the district court considered the length of Willoughby's abscondence to be the *only* measure of her culpability, an assertion which is belied by the district court's extensive discussion of numerous other factors in its assessment of her culpability for sentencing purposes.

Finally, by independently considering other factors contributing to Willoughby's culpability, the district court did not abuse its discretion by finding the guidelines range inadequate.  Nor did the fact that the guidelines range had

accounted for her abscondence in its obstruction-of-justice enhancement constrain the district court from according a different degree of weight to that factor under the circumstances—the Guidelines, after all, are advisory. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006) (acknowledging that the Sentencing Guidelines are advisory) (citing *United States v. Booker*, 543 U.S. 220 (2005)); *Overstreet*, 713 F.3d at 638. Furthermore, as yet another indicator of reasonableness, Willoughby's 113-month sentence was well below the 25-year statutory maximum. *See Gonzalez*, 550 F.3d at 1324 (considering as an indicator of reasonableness the fact that the defendant's 50-month sentence was well below the 10-year statutory maximum).

Accordingly, we find that the district court did not abuse its discretion by the manner in which it considered Willoughby's abscondence as one factor contributing to her sentence, and thus we find her sentence to be substantively reasonable.

**AFFIRMED.**